1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11                                          )
    RICHARD HILL,                           )          CV F- 03-6875 OWW DLB P
12                                          )
                            Plaintiff,      )          ORDER DISMISSING AMENDED
13                                          )          COMPLAINT WITH LEAVE TO
         v.                                 )          AMEND
14                                          )
    SGT. BROMMEL, et al.,                   )
15                                          )
                            Defendants.     )
16  _____)

17

18

19          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

20  pursuant to 42 U.S.C. section 1983.  Pending before the Court is plaintiff's complaint filed on

    December 18, 2003.
21
            The Court is required to screen complaints brought by prisoners seeking relief against a
22
    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
23
    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
24
    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
25
    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28
26
    U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
27
    may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
28

1    Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2           In the instant case, plaintiff brings action against Correctional Sergeant M. Brommel and

3    Correctional Officer E. Clark, both employed at Pleasant Valley State Prison.  Plaintiff alleges that

4    on January 25, 2002, defendants conducted a cell search of his cell and confiscated plaintiff's legal

5    documents.  Plaintiff alleges that as a result, he missed deadlines in a pending appeal.

6           Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

7    U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil

8    rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or

9    hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the

10   loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v.

11   Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  In this instance, plaintiff has not

12   provided sufficient information regarding the deadlines he claims to have missed or the nature of his

13   appeal.  As noted, claims for denial of access to the courts are limited to direct criminal appeals.

14   Plaintiff must also allege that he suffered an actual injury by being shut out of court.  Id. at 415;

15   Lewis, 518 at 351.  Further, the right of access is merely the right to bring to court a grievance the

16   inmate wishes to present.  Id. at 354.  The State is not required to enable the inmate to discover

17   grievances or to litigate effectively once in court.  Id.

18          In summary, plaintiff has failed to allege sufficient facts to state a cognizable claim for denial

19   of access to the courts and therefore his complaint must be dismissed.  However, the court will

20   provide plaintiff the opportunity to file an amended complaint to cure this deficiency.  Failure to cure

21   the deficiencies will result in dismissal of this action without leave to amend.

22          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

24   625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

25   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

26   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

27   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

28

U.S. District Court
E. D. California

2

1  588 F.2d 740, 743 (9th Cir. 1978).

2      In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to

3  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

4  complaint be complete in itself without reference to any prior pleading.  This is because, as a

5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d

6  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

7  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

8  each claim and the involvement of each defendant must be sufficiently alleged.

9      In accordance with the above, IT IS HEREBY ORDERED that:

10          1.  Plaintiff's amended complaint is dismissed; and

11          2.  Plaintiff is granted thirty days from the date of service of this order to file an

12  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

13  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

14  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

15  and two copies of the amended complaint; failure to file an amended complaint in accordance with

16  this order will result in dismissal of this action.

17      IT IS SO ORDERED.

18      **Dated:      May 9, 2006**              **/s/ Dennis L. Beck**
   3b142a                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California                               3