# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROSCOE HILL, | CASE NO. 1:03-cv-06875-OWW-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE, AND TO DIRECT CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANTS AND AGAINST PLAINTIFF |
| v. | |
| M. BROMMEL, et al., | |
| Defendants. | |
| | (Doc. 25) |

I.  Order

    A.  Procedural History

Plaintiff Richard Roscoe Hill, Jr., ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed August 31, 2006, against defendants Brommel and Clark ("defendants") for denial of access to the courts, based on their alleged search of plaintiff's cell and removal of plaintiff's legal documents.  On August 30, 2007, defendants filed a motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  On November 1, 2007, plaintiff filed his objections to the motion to dismiss.  The motion has been deemed submitted.  Local Rule 78-230(m).

    B.  Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

      A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

      C.     Discussion

      In his amended complaint, plaintiff alleges that on January 25, 2002, defendants searched his cell and removed his legal documents such that he was unable to timely comply with a

2

1  deadline on an appeal (based on newly discovered evidence) which was pending in the Central
2  District Court.
3      Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,
4  518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals,
5  habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the
6  courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained"
7  (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried
8  (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-
9  87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the
10 loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the
11 litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available
12 in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).
13     This court initially found that the allegations in plaintiff's amended complaint were
14 sufficient to give rise to a claim for relief under section 1983 for denial of access to the courts.
15 However, defendants now move for dismissal on the ground that plaintiff did not suffer any
16 injury as a result of the alleged taking of documents as he did not have an arguable claim on
17 appeal. In support of their motion, defendants request that the Court take judicial notice of a
18 number of documents from plaintiff's previous habeas petitions and criminal appeals – all of
19 which were denied and/or dismissed.
20     "A judicially noticed fact must be one not subject to reasonable dispute in that it is either
21 (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate
22 and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
23 Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with
24 the necessary information." Fed. R. Evid. 201(d). The Court may take judicial notice of court
25 records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645
26 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).
27 ///
28 ///

The court takes judicial notice that:

(1) on August 11, 1995, plaintiff was convicted of first degree murder with the use of a deadly weapon – Doc. 26, Exh. D-1, pg. 3;

(2) on July 30, 1997, the California Supreme Court denied plaintiff's petition for review of his direct appeal – Doc. 26, Exh. A;

(3) on October 29, 1997, the California Supreme Court denied plaintiff's writ of habeas corpus – Doc. 26, Exh. B;

(4) on February 24, 1998, plaintiff filed his first federal writ of habeas corpus – Doc. 26, Exh. C & D-1;

(5) on October 7, 1998, plaintiff's first federal writ of habeas corpus was denied with prejudice – Doc. 26, Exh. D-3;

(6) on October 26, 1998, plaintiff filed a notice of appeal contesting the denial of his federal writ of habeas corpus and requesting a certificate of appealability – Doc. 26, Exh. D-4;

(7) on November 12, 1998, plaintiff's request for a certificate of appealability was denied – Doc. 26, Exh. D-5;

(8) on January 22, 1999, plaintiff's file was forwarded to the Ninth Circuit Court of Appeals – Doc. 26, Exh. D;

(9) on November 19, 1999, the Ninth Circuit denied plaintiff's request for a certificate of appealability – Doc. 26, Exh. F-1;

(10) on December 8, 1999, plaintiff petitioned for the Ninth Circuit to reconsider its denial, which was denied on December 29, 1999 – Doc. 26, Exh. F-2 & F-3;

(11) on February 1, 2000, plaintiff filed a petition for rehearing – Doc. 26, Exh. F;

(12) on June 12, 2000, plaintiff filed a motion to hold the proceedings in abeyance pending his federal habeas petition – Doc. 26, Exh. F;

(13) the Ninth Circuit did not respond to either of the documents plaintiff filed

|   |   |   |
|---|---|---|
| 1 |      | in 2000  – Doc. 26, Exh. F; |
| 2 | (14) | on June 12, 2001, plaintiff filed a second federal writ of habeas corpus |
| 3 |      | challenging his first degree murder conviction  – Doc. 26, Exh. G & G-1; |
| 4 |      | and |
| 5 | (15) | on November 27, 2001 plaintiff's second federal writ of habeas corpus |
| 6 |      | was dismissed for lack of subject matter jurisdiction and judgment was |
| 7 |      | entered the same day  – Doc. 26, Exh. G, G-2 & G-3. |

In light of the fact that plaintiff's prior filings on the issue on appeal were all denied and/or summarily dismissed, and given that approximately one month prior to January 25, 2002, plaintiff's deadline to file an appeal to the dismissal of his second federal writ of habeas corpus lapsed, plaintiff could not have suffered the "actual injury" of missing a deadline on his pending appeal as a result of the alleged taking of his legal documents by defendants.

On November 1, 2007, plaintiff filed a document entitled "Objections to Motion to Dismiss." Therein, plaintiff requested production of a number of documents and argued that he "... had filed the motion under Teague on the grounds he had discovered the Falconer case during his research during his direct appeal that had not been presented to the courts." Doc. 29. Plaintiff's belated discovery of legal authority does not qualify as newly discovered evidence nor as a retroactive new rule of law that was previously unavailable. 28 U.S.C. § 2254(b)(2)(A) & (B). Further, plaintiff has failed to provide the cite to "the Falconer case" or any discussion as to it's applicability to the issues in this case.

Defendants are entitled to dismissal of this action, with prejudice.

D.   Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned

5

1  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
2  failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4      IT IS SO ORDERED.
5      **Dated:   January 24, 2008**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE